IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RAJNINDER JUTLA,

Plaintiff,

v.

ACUMEN ASSESSMENTS, et al.,

Defendants.

Case No. 5:25-cv-04020-HLT-GEB

**MEMORANDUM AND ORDER**

Plaintiff Rajninder Jutla acts pro se.[1] She is a physician who lost her Washington state medical license and unsuccessfully tried to get it back. The Washington Medical Commission (WMC), which is Washington's medical licensing authority, required Plaintiff to complete a mental competency evaluation through Defendant Acumen Assessments in Kansas as part of the licensure reinstatement process. Acumen's subsequent evaluation concluded that Plaintiff was unfit to practice medicine because she suffered from narcissistic personality disorder. Plaintiff alleges this failed competency evaluation prevented her from getting her license back.

Plaintiff now sues Acumen and several individuals who allegedly had a hand in the evaluation. Plaintiff seeks damages for economic and reputational harms under various state-law tort theories. Defendants move to dismiss under Rule 12(b)(6). Doc. 14. They raise timeliness and res judicata as affirmative defenses and argue that Plaintiff's complaint otherwise fails to state a claim. The Court dismisses Plaintiff's complaint for lack of subject matter jurisdiction because Plaintiff did not properly invoke diversity jurisdiction. The Court does not grant leave to amend

---

[1] Because Plaintiff proceeds pro se, her pleadings are construed liberally and held to a less stringent standard than pleadings drafted by lawyers, but the Court does not assume the role of advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

because it would be futile. The Court therefore dismisses Plaintiff's complaint without prejudice and denies as moot the motion to dismiss.

I.   BACKGROUND

Plaintiff is a physician who was once licensed to practice medicine in Washington state but is no longer. She lost her license after having allegedly been in practice for two decades. As a condition of her license's reinstatement, WMC required Plaintiff to submit to a "fitness for duty" psychological competency evaluation. WMC required Plaintiff to use Acumen and travel to Kansas for the evaluation.

Plaintiff claims that the months leading up to the evaluation were fraught with a variety of personal crises (including childbirth and the death of her father) and logistical difficulties (childcare). Plaintiff alleges that, despite these issues, her evaluation went forward and occurred over the course of two days and lasted, all-told, six hours. Plaintiff alleges that the two days during which her evaluation occurred were also hectic. Defendants Michael Seely, John Whipple, Scott Stacy, and Peter Graham were all part of the Acumen's evaluation team. Defendants ultimately diagnosed Plaintiff with narcissistic personality disorder and concluded she was unfit to practice medicine. WMC did not reinstate Plaintiff's license.

Plaintiff sued Defendants in this District in *Jutla v. Acumen Assessments et al.*, No. 5:24-cv-4007-EFM-GEB (D. Kan. 2024) (*Jutla I*), and asserted twelve different causes of action.[2] Plaintiff filed that case pro se and sought in forma pauperis status. *Id.* at Doc. 3. The case was assigned to Judge Melgren. Judge Birzer screened Plaintiff's complaint under 28 U.S.C. § 1915 and issued a comprehensive report and recommendation (R&R) that recommended dismissal of

---

[2]   Plaintiff styled her causes of action in the previous case: medical malpractice, collusion, criminal entrapment, tortious interference with business, fraud and misrepresentation, res ipsa loquitur, defamation, libel, slander, negligence per se, violation of patient privacy, product liability, and intentional infliction of emotional distress.

Plaintiff's complaint for lack of subject matter jurisdiction and, alternatively, for sua sponte dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim. *Id.* at Doc. 5. Adopting Judge Birzer's R&R over Plaintiff's objection and with respect to § 1915(e)(2)(B)(ii), Judge Melgren dismissed Plaintiff's complaint sua sponte for failure to state a claim. *Id.* at Docs. 7, 8. Judge Melgren declined to take up the jurisdictional rationale for dismissal in Judge Birzer's R&R, concluding that "the recommendation that [Plaintiff's c]omplaint be dismissed for failure to properly plead diversity jurisdiction [was] moot." *Id.* at Doc. 7. Plaintiff's subsequent appeal to the Tenth Circuit was dismissed for lack of jurisdiction because her notice of appeal was untimely filed. *Id.* at Doc. 17.

Plaintiff then filed the present case. She still acts pro se, but this time she has paid the filing fee and does not seek in forma pauperis status. Plaintiff's complaint contains eight counts, all of which appear to assert state-law claims, and the first seven of which were present in her first complaint.[3] *See* Doc. 1-1. Count VIII asserts a new claim for conversion. Plaintiff alleges that, collectively and through their unfavorable recommendation to WMC, Defendants "took" her medical license from her. Defendants have filed a joint motion to dismiss under Rule 12(b)(6) asserting res judicata and timeliness as affirmative defenses and arguing that Plaintiff's complaint otherwise fails to state a claim upon which the Court can grant relief. Doc. 14.

**II.   ANALYSIS**

The Court dismisses Plaintiff's complaint without prejudice. It does so for a reason the parties haven't argued but that the Court has an independent obligation to raise: Plaintiff's failure to adequately invoke this Court's subject matter jurisdiction. Plaintiff's causes of action are all

---

[3]   The claims in her present complaint are styled: medical malpractice, collusion (i.e., civil conspiracy), tortious interference with business, fraud, defamation and libel, intentional infliction of emotional distress, and conversion.

non-federal. Assuming Kansas recognizes them, there must be complete diversity of citizenship between Plaintiff and Defendants. The problem is Defendant Acumen Assessments. Plaintiff's complaint identifies only where Acumen is organized and has its principal place of business. But Acumen is identified in Plaintiff's complaint as an LLC, so its citizenship is determined by the citizenship of its individual members. Plaintiff's failure to carry her burden to allege a facially sufficient basis for the Court's exercise of diversity jurisdiction requires dismissal without prejudice. The Court further concludes that any amendment to correct her complaint's jurisdictional shortcomings would be futile. Judge Melgren's dismissal in *Jutla I* was with prejudice, binds Plaintiff, and bars most of her claims. The one claim that Plaintiff didn't bring in *Jutla I*, conversion, is pleaded in so perfunctory a manner that it fails to state a plausible entitlement to relief.

**Subject Matter Jurisdiction.** Federal courts are courts of limited subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). And a federal district court's ability to resolve cases or controversies depends on affirmative, congressional grants of subject matter jurisdictional authority. *Elna Sefcovic, LLC v. TEP Rocky Mtn., LLC*, 953 F.3d 660, 666-67 (10th Cir. 2020). In this case, there's only one potential source for federal jurisdiction: diversity of citizenship.[4] This type of jurisdiction exists for cases where the underlying claims are creatures of state law, the parties are citizens of different states, and the amount in controversy is greater than $75,000. 28 U.S.C. § 1332(a). The diversity requirement is a "complete" diversity requirement. *Id.*; *Caterpillar v. Lewis*, 519 U.S. 61, 68 (1996). This means that each plaintiff must be a citizen of a state different from each defendant. *Caterpillar Inc.*, 519

---

[4] The Court notes that Plaintiff's civil conspiracy claims allege a "kickback" scheme among WMC and Acumen. Plaintiff claims that alleged breaches of medical ethics are the wrongful acts Plaintiff uses to support these claims. The Court does not read Plaintiff's complaint to be asserting qui tam relator claims under the federal False Claims Act.

U.S. at 68. If any overlap exists, then diversity is destroyed, and a federal court will lack diversity jurisdiction.

It's a plaintiff's burden to "allege the facts essential to show jurisdiction." *U.S. for Use and Benefit of Gen. Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995). Because subject matter jurisdiction is congressionally defined, parties cannot waive challenges to it and cannot simply agree that it exists. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Federal courts are obligated to consider their own subject matter jurisdiction at all stages of the proceedings before them independent of whether a jurisdictional challenge has been mounted by a party. *Id.* If the Court concludes it lacks jurisdiction, it should dismiss the case without prejudice.

Here, Plaintiff fails to properly allege a basis for the Court's subject matter jurisdiction. She alleges diversity of citizenship exists because she claims she is both a Washington and California citizen, Acumen is a Kansas citizen, and the individual defendants are citizens of neither Washington nor California. But her conclusion that diversity of citizenship exists is premised on faulty reasoning: Plaintiff incorrectly reasons that Acumen must be a Kansas citizen (or at the very least neither a Washington nor California citizen) because its state of organization and its office (i.e., principal place of business) are in Kansas. To be sure, people are generally citizens of the states in which they are domiciled. *See Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015) (noting that the state of domicile, as distinct from the state of residence, is "relevant for determining citizenship").[5] And <u>incorporated</u> entities are citizens of their states of incorporation and their principal places of business. 28 U.S.C. § 1332(c). But

---

[5] For this reason, Plaintiff's allegation that she is a citizen of both Washington and California is dubious. An individual becomes domiciled in a particular state if they are physically present and intend to remain there. *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989). A person can therefore reside in one place but be domiciled in another. *Id.* But they can really only have one domicile – and therefore one state of citizenship – at a time for federal diversity purposes. *Boone v. Raney*, 668 F. Supp. 3d 1178, 1192 (D. Kan. 2023) (quoting *Page v. Democratic Nat'l Comm.*, 2 F.4th 630, 634-35 (7th Cir. 2021)).

unincorporated entities like Acumen, which is a limited liability company,[6] are citizens wherever their members or partners are citizens. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990) (holding that a limited partnership – like most other unincorporated entities – is a citizen wherever its members are citizens). Plaintiff's allegations about where Acumen is organized and where its business is principally located are irrelevant. And this is really all Plaintiff alleges. Therefore, Plaintiff fails to facially allege a proper basis for concluding that she and Acumen are citizens of different states. Plaintiff hasn't alleged a proper basis upon which the Court can assert jurisdiction over her case.

**Futility of Amendment.** The Court acknowledges that dismissal without affording an opportunity to amend is a harsh measure. The Court emphasizes that it takes this measure not out of antipathy for Plaintiff but out of concern for judicial economy and the efficient use of scarce judicial resources. Even if the Court were to permit Plaintiff to amend her complaint to address the jurisdictional shortcomings, the Court has no difficulty concluding that those claims would ultimately fail and that inevitable dismissal would simply be delayed by amendment.[7] Counts I through VII of Plaintiff's present complaint were dismissed with prejudice in the prior litigation. Plaintiff is barred from pursuing those claims again in this Court. Count VIII (conversion) is new, but Plaintiff fails to plead allegations that could support a plausible claim for relief.

As Defendants point out, the prior dismissal of Plaintiff's complaint was for a failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). A dismissal under § 1915(e)(2)(B)(ii) is given

---

[6] Plaintiff's complaint alleges Acumen is a limited liability company. Doc. 1-1 at 2. Defendants refer to Acumen as a limited liability company as well. *See* Docs. 5, 8, 14, 18. The Court does, however, note that Defendants refer to Acumen as both a corporation and a limited liability company in their Rule 7.1 disclosures. Doc. 8.

[7] Under 28 U.S.C. § 1653, the Court can allow a litigant to amend a complaint to fix a jurisdictional defect. But the Court can refuse to grant leave to do so if amendment would be futile. *Kan. ex rel. Kobach v. Macquarie Energy LLC*, 2023 WL 6516405, at *6-8 (D. Kan. 2023) (denying leave to amend complaint to fix a jurisdictional defect because amendment would be futile). An amendment is futile if it can't save the complaint from dismissal. *Bradley v. Val-Mejias*, 379 F.3d 892, 900-01 (10th Cir. 2004).

the same effect as a dismissal under Rule 12(b)(6).[8] *Coleman v. Labor and Indus. Review Comm'n*, 860 F.3d 461, 469 (7th Cir. 2017). And because Judge Melgren's order in *Jutla I* didn't specify whether the dismissal was "with" or "without prejudice," the Court regards it as a dismissal with prejudice under Rule 41(b).[9] The upshot is *Jutla I*'s prior with-prejudice dismissal bars Plaintiff from pursuing Counts I through VII in this District.[10] *Semtek Int'l, Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 506 (2001); *Styskal v. Weld Cnty. Bd. of Cnty. Comm'rs*, 365 F.3d 855, 858-59 (10th Cir. 2004). This means that these claims are fated for dismissal even if jurisdiction could be established via amendment.

---

[8] A failure to state a claim was not a basis for dismissal under the statute governing *in forma pauperis* litigation before 1996. This basis was added when Congress passed the Prison Litigation Reform Act. *Coleman*, 860 F.3d at 466. Before the PLRA, only untruth of the allegation of poverty, frivolousness, or maliciousness were bases for screening dismissals. *Id.* And it was with respect to the pre-PLRA version of the statute that the Supreme Court concluded in *Denton v. Hernandez* that screening dismissals for frivolous did not carry with them prejudicial or res judicata effects for future complaints for which the filing fee had been paid. 504 U.S. 25, 34 (1992). But *Denton* does not control dismissals for failure to state a claim under § 1915(e)(b)(ii) and dismissals on this basis are treated the same as dismissals under Rule 12(b)(6). *See Coleman*, 860 F.3d at 467-70; *Phan v. Hipple,* 735 F. App'x 492, 495 (10th Cir. 2018) (citing the Seventh Circuit's opinion *Coleman v. Labor and Industry Review Commission* and noting that sua sponte screening dismissals can carry claim preclusive effects); *see also Walker v. Douglas Cnty. Bd. of Cnty. Comm'rs*, 2022 WL 1223643, at *1 n.1 (D. Kan. 2022).

[9] This is so regardless of whether identical jurisdictional defects existed in the prior complaint and were passed on previously, the judgment in the prior case is still binding on the litigants. *Disher v. Information Resources, Inc.*, 873 F.2d 136, 139-40 (7th Cir. 1989) (Posner, J.) ("[A] court without jurisdiction can enter a binding judgment on the merits if the judgment is allowed to become final, unless the lack of judgment is so gross that the judgment is deemed void."); *see also generally* Restatement (2d) of Judgments § 12 (1982); 18A Charles Allen Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 4428 (3d ed. 2025).

[10] In arguing that Plaintiff's present complaint is barred by a prior with prejudice dismissal in this District, Defendants seem to conflate the dismissal's with-or-without-prejudice denomination with its preclusive effect. Both the Supreme Court and the Tenth Circuit have cautioned against this. When a dismissal is "with prejudice," it bars the litigant from refiling the same claims in the same court. But, as the Supreme Court's opinion in *Semtek International, Inc. v. Lockheed Martin Corporation* teaches, this label is not determinative of the claim preclusive (i.e., res judicata) effect the dismissal might have elsewhere. 531 U.S. at 501-03, 505-06. This claim preclusive effect is determined by federal common law. *Id.* at 508. In diversity cases, the federal common law rule is that the federal judgment's preclusive effect is assessed by reference to the law of the state in which the issuing federal court sits. *Id.* at 508-09. Because this District dismissed Plaintiff's prior complaint and because Plaintiff refiled her complaint in this district, the Court only considers whether the prior dismissal was with or without prejudice. The Court does not decide what claim preclusive effect the prior dismissal elsewhere under Kansas law, although it notes that the dismissal likely carries one.

Count VIII for conversion is new, but it fails to state a plausible claim for relief.[11] "Kansas defines conversion as the unauthorized assumption or exercise of the right of ownership over goods or personal chattels belonging to another to the exclusion of the other's rights." *Johnson v. City of Wichita*, 2024 WL 474591, at *10 (D. Kan. 2024) (internal quotation marks and citation omitted). Conversion occurs "when there is an intentional exercise of dominion and control over a property interest that interferes with the right of another to control the property interest and results in damages to the owner of the property interest." *Id.* (internal citations and quotation marks omitted). One of the many potential problems with this claim is – as Defendants suggest – that Plaintiff doesn't allege that Defendants assumed or exercised a right of ownership over anything, much less her medical license. Even if the Court were to assume that a medical license is the sort of property that could possibly be converted, adequately pleading such a claim would require Plaintiff to allege that Defendants, themselves, took possession of or asserted owner-like rights over her license. This she plainly does not do. Nor, frankly, does the Court see how she could. Count VIII therefore fails to state a plausible claim for relief even if jurisdiction was established via amendment.

Because Counts I through VII are barred and Count VIII fails to state a claim, the Court concludes that amendment would be futile. It therefore dismisses Plaintiff's complaint without prejudice for lack of subject matter jurisdiction and denies Defendants' motion to dismiss as moot.

## III. CONCLUSION

The Court lacks subject matter jurisdiction over Plaintiff's complaint. The Court does not afford Plaintiff leave to amend because amendment would be futile in this case.

---

[11]  To state a claim for relief (and therefore survive a motion to dismiss under Rule 12(b)(6)), a complaint must contain "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Ascroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). A claim is "plausible" if the Court can "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility means more than simply "a sheer possibility that a defendant as acted unlawfully," but it does not impose a "probability requirement." *Id.*

THE COURT THEREFORE ORDERS that Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction. The Court DENIES AS MOOT the pending motion to dismiss (Doc. 14).

IT IS SO ORDERED.

Dated: August 1, 2025                              /s/ *Holly L. Teeter*
                                                   HOLLY L. TEETER
                                                   UNITED STATES DISTRICT JUDGE